# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| DAVID H BROWN,<br>　　　　　　　Plaintiff,<br><br>vs.<br><br>JEFF PREMO, Oregon State Penitentiary<br>Facility Warden;<br>Oregon State Penitentiary Facility<br>Medical Doctors Sued in their<br>individual and official capacities, ET AL,<br><br>　　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil No. 6:20-cv-00231-JR

CIVIL RIGHTS COMPLAINT
[§ 1983]

Trial by Jury Demanded

COMES NOW, David H Brown, plaintiff pro se, who presents the following civil-rights complaint and claim for for compensatory, declaratory, and injunctive relief as follows:

## I. INTRODUCTION

1. This action places before the court a lawsuit involving the administration of Oregon State Penitentiary (OSP) (a Oregon Facility of the Oregon Department of Correction, charged with the custody and control of approximately 1500 inmates). And the private medical practitioner contracted with the State of Oregon to provide (OSP) inmates with medical care.

2. This complaint alleges that adequate medical care has been and is being refused to Plaintiff by the Oregon State Penitentiary (OSP) in concert with its contracted resident physician.

## II. PARTIES

**Plaintiff;**

**3.** David H Brown

SID #1655088

777 Stanton blvd Ontario OR 97914

**Defendants;**

**4.** Defendant Jeff Premo (Superintendent OSP) at all times relevant to this action was/is employed as as warden of Oregon State Penitentiary 2605 State Street Salem OR 97310, charged with the custody and care of plaintiff. Warden Jeff Premo is the facility's highest authority responsible for the appointment, employment, and oversight of facility operations generally, and is the final appellate authority over inmate institutional grievances and concerns. At all times relevant to this complaint, warden Jeff Premo acted under the color of State law. He is hereby sued in his individual as well as official capacity, jointly and severally, for those acts and omissions described fully bellow.

5. Defendant Dr. Gulick at all times relevant to this action was/is a partner of (Valley Medical Group, LLC, 783 North Franklin Suite 4, Boise Idaho 83707, contracted to provide medical care to the inmates of SRCI, 777 Stanton Blvd Ontario Oregon 97914, charged with with the duty of providing professional medical services of General practitioner to the inmate population. At all times relevant to this complaint, Dr. Gulick acted under the color of state law. He is hereby sued in this individual as well as official capacity, jointly and severally, for those acts and omissions described fully bellow.

6. Defendant Brad Cain, (superintendent SRCI) at all times relevant to this action was/is employed as superintendent of Snake River Correctional Institution 777

Stanton Blvd Ontario Oregon 97914, charged with the custody and care of plaintiff. Superintendent Brad Cain is the facility's highest authority responsible for the appointment, employment, and oversight of facility operations generally, and is the final appellate authority over inmate institutional grievances and concerns. At all times relevant to this complaint, warden Brad Cain acted under the color of State law. He is hereby sued in his individual as well as official capacity, jointly and severally, for those acts and omissions described fully bellow.

7.  Defendant Dr. John Doe at all times relevant to this action was/is contracted to provide medical care to the inmates of Oregon State Penitentiary 2605 State Street Salem OR 97310, charged with with the duty of providing professional medical services of General practitioner to the inmate population. At all times relevant to this complaint, John Doe acted under the color of state law. He is hereby sued in this individual as well as official capacity, jointly and severally, for those acts and omissions described fully bellow.

8.  Defendant Nurse Jane Doe at all times relevant to this action was/is a nurse contracted to assist with medical care to the inmates of Oregon State Penitentiary 2605 State Street Salem OR 97310, charged with with the duty of providing professional medical services of General practitioner to the inmate population. At all times relevant to this complaint, John Doe acted under the color of state law. He is hereby sued in this individual as well as official capacity, jointly and severally, for those acts and omissions described fully bellow.

### III. JURISDICTION AND VENUE

9.  Jurisdiction is asserted pursuant to the United States Constitution and 42 U.S.C.§ 1983, to redress the deprivation of those rights secured by the United States Constitution, deprived by persons acting under color of state law. The Court has jurisdiction over these matters pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

10.  Plaintiff claim for injunctive relieve is authorized pursuant to 28 U.S.C. §§ 2283, 2284.

11.  The united States District Court for the District of Oregon, in the County of Marion, city of Oregon, is the proper venue for the trial pursuant to 28 U.S.C. §1392 (b)(2); the County of Marion is where the events complained of have occurred.

## IV. PREVIOUS LAW SUITS

12.  Plaintiff has never before filed a civil law suit, nor has there been previous litigation regarding any of the issues described in this complaint.

## V.  ADMINISTRATIVE REMEDIES

13. the plaintiff place of confinement is snake river correctional institution the prison does have a grievance procedure and the plaintiff did go through those procedures. The plaintiff presented facts relating to his complaint in the state prison grievance procedure.

## VI. STATEMENT OF FACTS

Plaintiff alleges that the defendants specific acts of delay and denial of medical treatment for Hep C which caused the defendant to have cancer are so related to constitute a continuing violation of

Form 39.010

his 8th amendment and 14th amendment right to the U.S. Constitution which protects against cruel and unusual punishment.

On or around about 05/16/13 plaintiff filed several health services kytes to snake river correction institution (SRCI) health services regarding issues he was having with his Hep C.  SRCI medical staff ran test on the plaintiff and informed him that his Hep C was extremely bad and that he would need to receive treatment as soon as possible. a few days after seeing the doctors at SRCI medical and being told that he would receive his treatment the plaintiff was then transferred to Oregon state penitentiary(OSP). When the plaintiff arrived at OSP he filed multiple health service kytes in regards to his Hep C treatment. The plaintiff was finally called down to OSP medical by Dr. John Doe  who failed to run any test on the plaintiff in regards to his Hep C instead told the defendant that he looked fine and he didn't need to receive any treatment. The plaintiff after a few weeks after being seen by Dr. John Doe filled out another health service kyte to again speak with Dr. John Doe about reaching out to SRCI medical for the test that were ran while at incarcerated SRCI instead the defendant  was seen by nurse Jane Doe who informed that he did not need nor would he receive any treatment for his Hep C ordered by Dr. John Doe. The plaintiff was incarcerated at OSP for four years and was denied Hep C treatment by Dr. John Doe, Nurse Jane Doe of OSP medical staff, John doe grievance coordinator, and Jeff Premo (Superintendent OSP) which caused the plaintiff to have cancer. on or around about 09/10/17 plaintiff was moved back to snake river correctional institution after returning back to SRCI plaintiff put in a health service kytes to speak with doctors about the ill feelings he was having and was told by Dr. Gulick of SRCI medical staff that his Hep C was extremely bad and  he needed to immediately start the Hep C treatment which he did but due to the delay of medical treatment by OSP medical staff/ Superintendent plaintiff was caused to have cancer and was put under extreme pain and suffering. plaintiff is a subject of cruel and unusual punishment and was

also subjected to deliberate indifference to his serious medical need which caused further pain and suffering also to have cancer. Deliberate indifference to serious medical needs of prisoners constitute the unnecessary and wanton infliction of pain... proscribed by the 8th amendment," and this includes "indifference... manifested by prison doctors in their response to the prisoners need or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed" see also Helling v Mckinney, 509 U.S 25, 35-37, 113 S.Ct 2475, 125 L.Ed. 2D22 (1993).

## VII.   RELIEFE REQUESTED:

(A) Issues a Declaratory Judgment stating that:

**14.** all defendant actions in failing to provide adequate medical care for plaintiff violated, and constitute to violate, plaintiff right under the 8th amendment to the U.S. Constitution.

(B) issues an injunction ordering the responsible defendants and or their agents to:

(a) immediately arrange for the plaintiff to be examined by a qualified physician: and,

(b) carry out without delay the treatment directed by such medical practitioner.

15. plaintiff claims compensatory damages in the amount of $ 4,000,000 and character to be proven at trial for the harm and injury cause by violation of plaintiff's rights.

16. Plaintiff claims punitive damages in the amount of $ 4,000,000 and character to be proven at trial for the violation of plaintiff's rights by defendants conduct. The defendants parties acted with reckless indifference to plaintiff's rights with ill and malice.

17. Grant such other relief as it may appear that petitioner is entitled.

Date  2-12-20

_____
Signature

Print Name: David H Brown
SID Number: 16555088
Snake River Correctional Institution
777 Stanton Boulevard
Ontario, Oregon  97914-8335